IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE LINTON<br>2713 N. Hicks Street<br>Philadelphia, PA 19132 | : <br> : <br> : <br> : | Civil Action No.: |
| Plaintiff, | : <br> : | **JURY TRIAL DEMANDED** |
| vs. | : <br> : | |
| OFFICER JAMES ALLEN; Badge # 5215; and<br>THE CITY OF PHILADELPHIA<br>One Parkway Building, 15TH Floor<br>1515 Arch Street, Philadelphia, PA 19102 | : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : <br> : | |

**FIRST AMENDED COMPLAINT**

**INTRODUCTION**

1.   This is an action for money damages brought pursuant to 42 U.S.C. Sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania, against Officer JAMES ALLEN, Badge # 5215; a police officer of The Philadelphia police Department in his individual capacity and against The City of Philadelphia.  Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2.   Plaintiff alleges that Defendant Officer JAMES ALLEN, being an officer employed by The Philadelphia Police Department under the jurisdiction of the City of Philadelphia, made an unreasonable seizure of the person of STEPHANIE LINTON,

violating her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that this Defendant assaulted, battered, maliciously prosecuted, falsely arrested, and imprisoned Plaintiff and used excessive force. Plaintiff further alleges that these violations and torts were committed as a result of policies and customs of The Philadelphia Police Department under the jurisdiction of the City of Philadelphia.

3. Plaintiff further invokes supplemental jurisdiction of this Court to hear and decide claims arising under state law. The Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Sections 1331 and 1343 and its relevant subsections.

## PARTIES

4. Plaintiff, STEPHANIE LINTON, is a resident and citizen of the Commonwealth of Pennsylvania residing at 2713 North Hicks Street, Philadelphia, PA 19132.

5. Defendant Officer JAMES ALLEN (hereinafter referred to as "ALLEN") was at all times relevant to this Complaint, an Officer of The Philadelphia Police Department, and was acting in such capacity as the agents, servants, and or employees of The City of Philadelphia, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices, and usages of The City of Philadelphia.

6. Defendant, The City of Philadelphia, (hereinafter referred to as "CP") is a municipal corporation and public employer, existing under the laws of the Commonwealth of Pennsylvania. In this cause, CP acted through its agents, employees, and servants, who were the policymakers for CP's Policy Department, and through Defendant

ALLEN.

7. Plaintiff sues Defendant ALLEN in his individual and official capacity.

## FACTS

8. At all times referred to herein, Defendant ALLEN acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania, the CP, pursuant to his authority as a police officer of said CP.

9. On March 15, 2002, at approximately 8:35 p.m., Plaintiff, STEPHANIE LINTON, was lawfully entering the Jade Garden Chinese take-out restaurant, in the area of 1513 West Lehigh Avenue, Philadelphia, PA 19132 when she was maliciously prosecuted, battered, assaulted, falsely imprisoned and arrested and illegally arrested by Defendant Officer ALLEN.

10. Defendant Officer ALLEN had previously reprimanded some juveniles on the corner of the 1500 block of West Lehigh Avenue, when Defendant, Officer ALLEN maliciously prosecuted, assaulted and battered Plaintiff, and eventually threw her up against the wall and twisted her right arm behind her back inside the Chinese Restaurant, causing her to suffer egregious and serious injuries to her body.

11. Plaintiff, STEPHANIE LINTON, was charged, arrested and booked for Disorderly Conduct, specifically 18 Pa C.S. § 2404. On the same evening in question, approximately two hours after being arrested, Plaintiff was released, with no bail

being set.

12. On April 16, 2002, the charge against Plaintiff was dismissed as a result of her appearance in Court Room 504 of the Criminal Justice Center, 1301 Filbert Street, Philadelphia, PA.

13. The aforementioned events were part of an ongoing pattern and practice by ALLEN and/or other officers of the CP.

14. The aforesaid malicious prosecution, assault, battery and unlawful imprisonment and arrest, restrictions of freedom to move, and the physical and psychological abuse inflicted upon the Plaintiff by Defendant ALLEN, in his arrest in the public take-out restaurant and as a result of her being held in custody for over two hours were carried out unlawfully, maliciously and intentionally.

15. As a direct and proximate result of the intentional, unlawful, reckless and malicious acts described above, all committed by Defendant under color of law, under his authority as a CP Police Officer, while acting in the course and scope of his employment and pursuant to authority vested in him by the Defendant CP, Defendant ALLEN caused Plaintiff herein to sustain serious and painful injuries to her body, and to suffer serious mental anguish, and the cost of hiring an attorney to defend her against criminal charges, some all of which injuries and damages may continue indefinitely into the future.

**COUNT I**
**42 U.S.C. SECTION 1983 AGAINST DEFENDANT ALLEN**

16. Paragraphs 1 through 15 are incorporated herein by reference as through fully set forth.

17. Plaintiff, STEPHANIE LINTON, claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against Defendant for violation of Plaintiffs constitutional rights under color of law.

## COUNT II
## ASSAULT AND BATTERY AGAINST DEFENDANT ALLEN

18. Paragraphs 1 through 17 are incorporated herein by reference as through fully set forth.

19. Defendant ALLEN assaulted and battered Plaintiff

20. As a result of this assault and battery, Plaintiff STEPHANIE LINTON suffered damages as aforesaid.

WHEREFORE, Plaintiff requests judgment against Defendant ALLEN for compensatory damages and for punitive damages, plus costs of this action, attorney fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III
## MALICIOUS ABUSE OF PROCESS, FALSE ARREST AND ILLEGAL IMPRISONMENT AGAINST DEFENDANT ALLEN

21. Paragraphs 1 through 20 are incorporated herein by reference as through fully set forth.

22. Defendant ALLEN used criminal process against Plaintiff in order to intimidate her and to dissuade Plaintiff from asserting her rights against Defendant and in order to cover up his own wrongdoing and to avoid civil and criminal liability for his own acts.

23. Defendant ALLEN illegally arrested and imprisoned Plaintiff.

24. As a result of this malicious abuse of process, false arrest and illegal imprisonment, Plaintiff STEPHANIE LINTON suffered damages as aforesaid.

WHEREFORE, Plaintiff requests judgment against Defendant ALLEN for compensatory damages and for punitive damages, plus costs of this action, attorney fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV
## 42 U.S.C. SECTION 1983 AGAINST DEFENDANT THE CITY OF PHILADELPHIA

25. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth.

26. Prior to March 15, 2002, The City of Philadelphia developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Philadelphia, which caused the violation of STEPHANIE LINTON'S rights.

27. It was the policy and/or custom of The City of Philadelphia to inadequately and improperly investigate acts of misconduct by its officers, including Defendant Officer,

6

such that these acts of misconduct were tolerated and known by The City of Philadelphia, including the incidents involving the named Plaintiff in this matter.

28. It was the policy and/or custom of The City of Philadelphia to inadequately supervise and train its police officers, including the Defendant Officer, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The CP did not require appropriate in-service training or re-training of officers who were known to have engaged in propensities for violence, unlawful arrests, unlawful detainments and unlawful behavior and further police misconduct.

29. As a result of the above described policies and customs, police officers of the CP, including the Defendant Officer, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

30. The above described policies and customs, police officers of the CP demonstrated a deliberate indifference on the part of policymakers of the CP to the constitutional right of persons within the City of Philadelphia, and were the cause of the violations of Plaintiff's rights alleged herein.

31. The acts and failures to act of Defendant, CP, committed under color of law, as herein set forth, deprived Plaintiff of her rights, privileges and immunities guaranteed to her as a citizen of the United States, in violation of 42 U.S.C. Sections 1981, 1983, 1985, 1986, and 1988, and deprived the Plaintiff of rights guaranteed to her by the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments of the Constitution of the

United States.

32. Plaintiff re-alleges the damages previously set forth.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant, CP for compensatory damages and for punitive damages, plus costs of this action, attorney fees, and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT V
### EXCESSIVE USE OF FORCE BY DEFENDANT ALLEN COGNIZABLE UNDER 42 U.S.C. SECTION 1983

33. Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth.

34. At the times and dates aforementioned, Defendant ALLEN used unnecessary force in effectuating his unlawful and illegal arrest of Plaintiff, STEPHANIE LINTON by shoving her up against the wall and twisting her right arm behind her back. The aforesaid actions by the Defendant were unnecessary, unlawful, outrageous and intentional, and constituted an unlawful physical assault upon the Plaintiff.

35. At no time did Plaintiff attempt to resist Officer ALLEN, or flee, or offer any violence against the Defendant Officer.

36. As a direct and proximate result of the aforesaid unlawful and malicious physical abuse of Plaintiff by the DefendantPolice Officer, permitted under color of law and under each individual Defendant's authority as an officer of the CP, Plaintiff, STEPHANIE LINTON suffered bodily harm and was deprived of her right to secure her person against unreasonable seizure of her person, and the use of excessive force

violated the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. Section 1983.

37. As a direct and proximate result of the malicious and outrageous conduct of the Defendant aforesaid, Plaintiff suffered physical injuries, as well as psychological and emotional injuries, some of all of which may be permanent.

38. The acts of Defendant ALLEN as aforesaid were wanton, malicious and oppressive, thus entitling Plaintiff to award of punitive damages against Defendants in his individual capacity.

WHEREFORE, Plaintiff requests judgment against Defendant ALLEN for compensatory damages and for punitive damages, plus costs of this action, attorney fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VI
## INTENTIOANL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT ALLEN

39. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

40. The unlawful actions and conduct of Defendant ALLEN were intentional and/or reckless, constituting extreme and outrageous conduct, which caused Plaintiff to suffer severe and foreseeable emotional and physical injuries to his person.

41. Plaintiff re-alleges the damages previously set forth.

WHEREFORE, Plaintiff requests judgment against Defendant ALLEN for compensatory damages and for punitive damages, plus costs of this action, attorney fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

The Law Offices of Christopher M. Marrone, LLC
121 South Broad Street, 2nd Floor
Philadelphia, PA 19107

Date: July____, 2002             By_____
Christopher M. Marrone (Attorney ID # 86041)
Attorney for Plaintiff, Stephanie Linton